## COUNTY OF PROVIDENCE, OCTOBER TERM, 1866, AT PROVIDENCE.

PRESENT:

Hon. CHARLES S. BRADLEY, Chief Justice.
Hon. GEORGE A. BRAYTON, ⎱ Justices.
Hon. THOMAS DURFEE, ⎰

---

## Daniel C. Mowry v. Amasa W. Whipple.

A jury having been instructed, in the trial of an action for malicious prosecution, that the belief of the defendant, that the plaintiff was guilty of the offence charged, to operate as a defence, must be an honest and reasonable belief, and not the defendant's mere belief arising from some mental peculiarity and error of the defendant himself; *Held*, on exceptions, that the instruction was unobjectionable.

In an action for malicious prosecution, both malice and want of probable cause must be shown to the jury's satisfaction, before a verdict can be rendered for the plaintiff; yet it is their right (if the circumstances of the case, in their judgment, warrant the inference) to infer the existence of malice from a want of probable cause.

Motion for a new trial of an action for malicious prosecution, tried before Bradley, C. J., with a jury.

The declaration was in common form, charging that the defendant, with malice and without probable cause, had·caused the plaintiff to be arrested for theft. The general issue was pleaded. Before the cause was submitted to the jury by the Court, the defendant's counsel requested the presiding judge to instruct them in the terms following, viz. :—

1st. That if the jury are satisfied, from the evidence, that at the time Whipple procured the arrest of Mowry, he (Whipple) ·believed Mowry had stolen the stones, then the verdict should be for the defendant.

2d. That if they (the jury) are satisfied that, to the defendant, it was a case of apparent guilt of theft, believed by him to be real, then their verdict should be for the defendant.

3d. To sustain this action the plaintiff must show malice and want of probable cause. Each must appear, and neither can be inferred from proof of the other.

The Judge declined to charge in the terms prescribed, but in response to the first and second requests, did instruct the jury, that the belief of the defendant, to avail as a protection, must be an honest and reasonable belief, and not his mere belief arising from some mental peculiarity or error of the defendant himself; and, in response to the third request, did instruct them that both malice and want of probable cause must be found to the satisfaction of the jury ; yet that it was their right (if the circumstances of the case, in their judgment, warranted the inference) to infer the existence of malice from the want of probable cause.

The jury returned a verdict against the defendant, who thereupon excepted to the charge of the Judge as aforesaid, and moves for a new trial.

*Gerald, for the defendant:—*

In an action for malicious prosecution, the question of probable cause should be submitted to the jury, *not* upon the fact of the guilt or innocence of the plaintiff, but upon the defendant's *belief* of his guilt or innocence. *Seibert* v. *Price*, 5 Watts & Serg't, 438. To sustain the action, both malice and want of probable cause must be alleged and proved. Malice must be shown by all the circumstances of the case. The want of probable cause

may be, in some degree, evidence of it, but there is no *presumption* of malice arising from want of probable cause. The question is on the defendant's *belief*, and if that belief was *honest*, though mistaken, it will protect him. *Wade* v. *Walden*, 23 Ill. 427; *Grinnell* v. *Stewart*, 32 Barb. 549, the Court citing *Murray* v. *Long*, 1 Wend. 140; *Forshay* v. *Ferguson*, 2 Denio, 617, and *Vanderbilt* v. *Mathis*, 5 Duer, 304. *Bacon* v. *Towne*, 4 Cush. 239; *James* v. *Phelps*, 11 Ad. & El. 483–9; *Frissell* v. *Relfe*, 9 Mo. 861; *Cecil* v. *Clarke et al.* 17 Md. 508; *Reney* v. *Vanlandigham*, 9 Mo. 822; *Johnson* v. *Chambers*, 10 Iredell, 292; *Pellemy* v. *Bullerdieck*, 13 La. 274; *Potter* v. *Searle*, 8 Cal. 217. The Supreme Court of this State has declared the law upon this subject in strong terms. *Bartlett* v. *Brown*, 6 R. I. 37. See, also, *Wilds* v. *the Hudson River Railroad Company*, 2 Am. Law Reg. (N. S.) 87. We contend, in this cause, that the qualifications added by the Chief Justice were such as to mislead the jury, and cause them to believe that malice was a necessary consequence of want of probable cause, and that having found the latter they were bound to find the former. The second request by the plaintiff is substantially in the language of Ames, C. J., in the case of *Bartlett* v. *Brown*, already cited, and should have been given to the jury without qualification.

*Currey, for the plaintiff* :—

The rulings of the Court, to which the defendant excepts, were—

I. That the belief of probable cause, recognized by the law in actions for malicious prosecution, is the honest and reasonable belief of a fair and upright mind, acting upon a knowledge of facts tending to show probable cause. There was no error in this proposition. It is well sustained, both by reason and authority. *a.* The law is founded in reason, and reason recognizes no belief which is not the result of an intelligent consideration of facts and circumstances. *b.* As to authority, the proposition is rather within than beyond the principle of all the cases. 2 Greenleaf's Ev. § 455.

II. That if the circumstances of the case, as shown by the evidence, should seem to the jury to warrant the inference, they

Mowry *v*. Whipple.

might infer malice from the want of probable cause. Here, again, both reason and authority sustain the ruling. The grave proceeding of prosecuting a man for an infamous crime, without probable cause, raises the inference of malice as the first conclusion of every mind. Malice, like fraud, is seldom capable of direct proof. It is evidenced by acts, conduct and declarations; and wherever there is an injurious act without any reasonable or probable cause for it, both law and reason impute it to malice, 2 Ib. § 453.

DURFEE, J., delivered the opinion of the Court.

1. The first request was, in effect, a request for the Court to rule that the defendant was not responsible for prosecuting the plaintiff for theft, if he believed the plaintiff guilty, without regard to the grounds of the belief or the manner in which it was formed. The belief may have been one which no fair mind would come to,—it may have been the offspring of pure carelessness, credulity, suspicion, or of a malevolence blinding the reason,—yet, according to the rule stated in the request, it should be a defence to the action. It seems manifest that, under such a rule, there would be no proper security from false accusations and arrests. The court instructed the jury that the belief, to operate as a defence, must be an honest and reasonable belief, and not the defendant's mere belief arising from some mental peculiarity and error of the defendant himself. We think this ruling was sufficiently favorable to the defendant, and that the Court committed no error in refusing to rule as requested.

2. The second request, though in different words, was in substance the same as the first, and was, we think, properly refused.

3. As to the defendant's third request, the Court instructed the jury that both malice and want of probable cause must be proved, to the satisfaction of the jury, before a verdict should be returned for the plaintiff, yet that it was their right (if the circumstances of the case warranted this inference, in their judgment) to infer the existence of malice from the want of probable cause. This ruling was in accordance with the best authorities, and, as we think, was correct.

*Exceptions overruled.*